UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AZAEL DYTHIAN PERALES,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               ) 1:11-cv-00468-DBH
                                 )
USA, et al.,                     )
                                 )
    Defendants                   )

## RECOMMENDED DECISION

Azael Perales has filed a motion to proceed in forma pauperis (IFP) and a fourteen-page complaint which consists of over twelve and one-half pages of putative defendants' names.[1] I now recommend that the court deny Perales IFP status. Whether or not Perales proceeds to pay the $350.00 filing fee[2], I recommend that the court dismiss this case with prejudice and impose filing restrictions in this court on Perales.

### Screening Complaints

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. However, in recognition of the fact that a waiver of fees encourages some individuals to file suit

---

[1] The clerk's office, with my authorization, has listed the name of only the lead defendant, the United States of America. The actual defendants number into the hundreds, if not thousands, including the President of the United States, the Chief Justice, members of National Association of Women Judges, the Jewish Anti-Defamation League, federal judicial officers, state judicial officers, private individuals from a credit union, individuals associated with a restaurant association, and many more putative defendants. Although a review of the PACER entries of the 49 separate federal civil cases filed by Perales since 2009 reveals that some courts have actually entered the names of hundreds of defendants on the physical docket entry, I advised the clerk that such an exercise would be wasteful of the court's resources and serve no useful purpose. If this court determines that IFP service is appropriate in this case, the docket can be adjusted to incorporate the names of those individuals the Marshall is ordered to serve. If Perales proceeds without IFP status, when he makes service upon an individual, that name can be added to the caption.

[2] Perales asserts at one point that he brings his claim pursuant to 28 U.S.C. § 2241, federal habeas corpus. However, Perales does not appear to be in custody and if this case were a habeas petition, the only named defendant would be his custodian. In these circumstances I believe there is no alternative but to treat this case as a civil complaint subject to the $350.00 filing fee, rather than a habeas petition.

regardless of the merits, the statute authorizes the court to dismiss actions that fail to state a viable claim or that present frivolous, malicious, or repetitive claims. Id. § 1915(e)(2)(B). The statute recognizes that, in fact, courts have the authority to dismiss frivolous, malicious, or repetitive claims, "notwithstanding [whether] any filing fee, or any portion thereof, that may have been paid …" Id. § 1915(e)(2). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989)[3].

## The Civil Complaint

After listing twelve and one-half pages of defendants, the body of this complaint consists of long string citations to various federal criminal and civil statutes and refers to Title VII of the Civil Rights Act of 1964, claiming that Perales has been denied access to the United States federal courts. His complaint asks for "subsistence of evidence in a case currently in the U. S. First Circuit of Appeals (Case No. 10-8040)."[4] The exhibits accompanying this "complaint" do little to shed light on Perales's claims. There is one comprehensible and complete document, which is Perales's resume, found at Doc. No. 1-5. If Perales actually prepared the resume and if the content is true and accurate, the exhibit supports my conclusion that the complaint was filed as a frivolous waste of this court's time and resources. The resume reveals that Perales has a high school education, post-secondary certification in "principles of management," and expertise

---

[3] Perales should be well acquainted with this process as recently, in November 2011, two of his cases in the Central District of California were dismissed or his IFP was denied under this very provision. Perales v. U.S. Marshall Service et al, No. SACV 11-1699 JVS (AGR) (Order, November 9, 2011) and Perales v. Barack H. Obama, et al., No. SACV 11-1678 UA (Order, November 10, 2011). I have not exhaustively reviewed the other forty-seven Perales cases on the PACER docket, only these two cases from what appears to be Perales's "home" district. His lists himself as a homeless resident of Fullerton, California, with a post office box address.

[4] With regards to the referenced First Circuit case, the lead defendant was the Federal Election Commission but many other defendants were listed including members of the current administration, the CIA, the Secret Service, and the U.S. House of Representatives, just to name a few. See Perales v. Federal Election Comm's, No. 10-8040 (1st Cir. 2010). The First Circuit entered the following order on November 30, 2010: "All requests for relief are denied and the original proceeding is dismissed as petitioner has sought relief in the wrong court." Id.

with various computer programs. Given the resume he filed, it would appear that if Perales had a legitimate case that belonged in the District of Maine, he could have articulated the basis of his lawsuit.

Accordingly, I recommend that this Court deny Perales's application to proceed <u>in forma pauperis</u> and dismiss this case as frivolous. I further recommend that Perales be cautioned that continued filing of frivolous lawsuits in this jurisdiction will result in the imposition of sanctions, including filing restrictions being placed against him.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 9, 2011